**Opinion issued June 5, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00753-CV

———————————

**DONNY W. NEVELS, Appellant**

**V.**

**STARBOARD DYLAN MT LLC, LINCOLN PROPERTY COMPANY AND RCM ARCHCO DYLAN PHASE 1, LLC, Appellees**

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court Case No. 017-332372-22

## MEMORANDUM OPINION

Appellant Donny W. Nevels filed a notice of appeal, pro se, from the trial court's judgment granting the appellees' no-evidence motions for summary judgment and rendering judgment that Nevels take nothing by his claims.[*]

Nevels filed an initial brief and amended it about a week later. The amended brief did not describe the nature or procedural history of the case, identify any issues, assert any error made by the trial court, recite any standards of review, provide any legal or factual analysis or citation to the record. By written order, we notified Nevels of our concerns, identifying the specific ways in which his brief failed to comply with the Rules of Appellate Procedure. Our order warned Nevels that that his failure to file an amended brief that complied with the rules might result in our striking his briefs and dismissing the appeal.

Nevels filed a corrected brief in July 2024, and he amended it in October 2024. His corrected and amended briefs did not remedy the concerns we previously identified. Like the previous briefs, however, the October 2024 amended brief did not adequately describe the nature of the case, state any issues, assert any error

---

[*] Pursuant to its docket-equalization authority, the Texas Supreme Court transferred this appeal from the Second Court of Appeals to this Court. *See* Misc. Docket No. 23-9079 (Tex. Sept. 26, 2022); TEX. GOV'T CODE § 73.001(a) (authorizing transfer of cases). We are unaware of any conflict between the precedent of that court and of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

made by the trial court, recite any standards of review, provide any legal or factual analysis or citation to the record.

The Rules of Appellate Procedure require adequate briefing, and the failure to comply with these rules can result in waiver. *Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025); *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) ("Failure to provide citations or argument and analysis as to an appellate issue may waive it."); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); TEX. R. APP. P. 38.1.

Courts of appeals must, however, "construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)). A party "should not lose its right to appeal based on an unduly technical application of procedural rules." *Willis v. Donnelly*, 199 S.W.3d 262, 270 (Tex. 2006).

Application of the procedural rules in this case is not unduly technical. *See id.* This is not an appeal in which the briefing was "adequate to preserve an issue but insufficient to properly assist an appellate court." *Bertucci*, 709 S.W.3d at 541. Nevels has not raised or stated any issue in his brief. He has presented no legal and factual analysis and no argument to support a judgment in his favor. Because the

3

trial court dismissed his claims after granting take-nothing judgment, it might be reasonable to conclude that his sole issue on appeal is the impropriety of that ruling. But viewing his brief in that way would require this Court to scour the record and make arguments in support of reversal because he has wholly failed to do so.

We have no duty, or even a right, to conduct an independent review of the record to assess error. *Walker v. Eubanks*, 667 S.W.3d 402, 407–08 (Tex. App.—Houston [1st Dist.] 2022, no pet.) ("We are not responsible for identifying possible trial court error, searching the record for facts favorable to a party's position, or conducting legal research to support a party's contentions."). "Were we to engage in such activities, we would be abandoning our role as judges and become an advocate for that party." *Id.* at 408.

Nevels's corrected and amended briefs fail to comply with the Rules of Appellate Procedure. We have determined that any attempt to decipher Nevels's brief, as presented, would amount to making his arguments for him. *See id.* Accordingly, we strike his corrected and amended briefs and dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b)–(c), 43.2(f). We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Justices Guerra, Gunn, and Dokupil.